No. 2285.—J. M. WELLS *v.* G. MERZ AND SHERIFF.

Judgments of the Supreme Court, whether affirming or reversing the judgments appealed from, must be sent back to the inferior court for their execution. C. P. 915. The objection that the execution did not issue on the judgment of the Supreme Court, can not therefore be urged by the defendant in execution.

The objection by the defendant in execution that the property seized was not advertised in the official journal is without weight, if at the time of the advertisement there was no official journal in the parish. The fact that an official journal was selected before the day of sale, will not affect the validity of a sale which had been advertised according to law before it was selected.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee,* J   *W. B. Hyman,* for plaintiff and appellant. *Dirhammer & N. Commandeur,* for defendants and appellees.

HOWELL, J. Plaintiff enjoins the execution of a judgment against him as indorser of a promissory note, and seeks to annul it on various grounds, as follows:

*First*—That the writ directs the execution of the judgment of the district, instead of the Supreme Court.

Art. 915 C. P. declares that no execution shall issue on the judgments of the Supreme Court, but such judgments, whether confirming or reversing those appealed from, shall be sent back for their execution to the inferior court, and no mandate need be directed to the latter for that purpose; but the clerk may file and record them, and issue execution thereon as the judgments of the inferior court.

*Second*—That the property seized was not advertised in the official journal of the parish of Jefferson.

At the time of seizure an official journal for said parish had not been selected, and it was not the duty of the sheriff to wait until such selection might be made. Having advertised the property according to law, the subsequent selection of an official journal before the day of sale, did not render the advertisement invalid or affect it in any way.

*Third*—That the property was not advertised to be sold on the first Saturday of the month, as required by the act of 1855. The attempt in 1861 to repeal the act of 1855 was null, because it was an act of a rebel Legislature, and the act embraced two objects.

The Constitution of 1868, section 149, cured the first defect, if it existed, and there seems to be no application of the second objection.

*Fourth*—That the judgment should be annulled, as there was fraud in obtaining it.

It seems that pending the suit against Wells and others as indorsers, Merz, the plaintiff in said suit, collected a part of the claim, and did not make the credit before obtaining judgment, but did place it on the execution when issued. No injury resulted therefrom to Wells, and no cause for annulling the judgment on account thereof. It is contended further that time was given by Merz to the principal debtor, who gave other security to Merz, and these facts were fraudulently concealed from Wells, until after judgment was rendered against him, by which he was released.

The evidence does not sustain this charge; and we concur in the opinion of the district judge that plaintiff has shown no sufficient reason for annulling the judgment against him or enjoining its execution.

Judgment affirmed.

Rehearing refused.